UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>RAFAEL VILLA-RICO,<br><br>　　　　　Defendant-Petitioner. | NO: 2:14-CR-0001-TOR-1<br><br>ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT are Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No. 338), Application to Proceed In Forma Pauperis (ECF No. 339), Motion to Appoint Counsel, etc. (ECF No. 340), and Motion for Discovery, etc. (ECF No. 341). Defendant is proceeding *pro se*. The Court has reviewed the record and files herein, and is fully informed. For the reasons discussed below, the Court denies Defendant's Motions.

//

//

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

## BACKGROUND

On July 10, 2014, Mr. Villa-Rico pleaded guilty to the Indictment charging conspiracy to possess with intent to distribute 50 grams or more of pure (actual) methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii). ECF Nos. 151, 152, 153. On November 7, 2014, Mr. Villa-Rico was sentenced pursuant to and within the binding Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement to 210 months incarceration followed by a 5-year term of supervised release. ECF No. 259.

Defendant waived his right to appeal (ECF No. 152 at ¶ 18) and no direct appeal was filed.

On May 7, 2017, Defendant filed the instant motions.

## DISCUSSION

**A. Motion to Vacate, Set Aside or Correct Sentence**

The Court first considers Defendant's motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings. Rule 4 provides that the Court "must promptly examine [the motion]. If it plainly appears . . . that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

Here, Defendant is plainly not entitled to relief. A prisoner has one year to file a § 2255 motion, which time period runs from the latest of the following:

(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, because no appeal was filed, Defendant's conviction became final 14-days after Judgment was imposed. *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) ("if the movant does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires.").

Accordingly, Defendant's Judgment became final on November 21, 2014. He had one-year thereafter to file a timely § 2255 petition. Defendant did not file this petition until more than 18 months after this one-year period expired. Defendant has not demonstrated any conceivable exception which would toll the statute of limitations here. Thus, Defendant's petition must be dismissed as time barred.

//

//

**B. Application to Proceed In Forma Pauperis, Motions to Appoint Counsel and for Discovery**

Without jurisdiction to proceed, Defendant's remaining motions are moot and they will be denied.

**C. Certificate of Appealability**

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issue presented deserves encouragement to proceed further.

//

//

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 4

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 338) is **DENIED**.
2. Defendant's Application to Proceed In Forma Pauperis (ECF No. 339) is **DENIED** as moot.
3. Defendant's Motion to Appoint Counsel, etc. (ECF No. 340) is **DENIED** as moot.
4. Defendant's Motion for Discovery, etc. (ECF No. 341) is **DENIED** as moot.
5. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).
6. The District Court Executive is hereby directed to enter this Order and furnish copies to the parties. This file and the corresponding civil file shall be **CLOSED**.

**DATED** June 13, 2017.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 5