UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff-Respondent,<br><br>　　v.<br><br>RAFAEL VILLA-RICO,<br><br>　　　　　Defendant-Petitioner. | NO: 2:14-CR-0001-TOR-1<br><br>ORDER DENYING AS UNTIMELY PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 |

BEFORE THE COURT is the issue of whether Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No. 338) has been timely filed, which would allow it to proceed. Petitioner is proceeding *pro se*. The Court has reviewed the record and files herein, and is fully informed.

## BACKGROUND

On July 10, 2014, Petitioner, Mr. Villa-Rico pleaded guilty to the Indictment charging conspiracy to possess with intent to distribute 50 grams or more of pure (actual) methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A)(viii). ECF Nos. 151, 152, 153. On November 7, 2014, Petitioner was

ORDER DENYING AS UNTIMELY PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 1

sentenced pursuant to and within the binding Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement to 210 months incarceration followed by a 5-year term of supervised release. ECF No. 259. Petitioner waived his right to appeal (ECF No. 152 at ¶ 18) and no direct appeal was filed.

On June 7, 2017, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. 2255 (ECF No. 338), an Application to Proceed In Forma Pauperis (ECF No. 339), a Motion to Appoint Counsel, etc. (ECF No. 340), and a Motion for Discovery and Motion to Restore Direct Appeal, (ECF No. 341).

On June 13, 2017, this Court denied Petitioner's motion to vacate as time barred under 28 U.S.C. § 2255(f), and the remaining motions were denied as moot.

Petitioner appealed to the Ninth Circuit Court of Appeals. On August 18, 2017, the Ninth Circuit granted a certificate of appealability as to whether this Court erred in dismissing the 28 U.S.C. § 2255 motion as untimely without providing Petitioner prior notice and an opportunity to respond. ECF No. 349. On November 2, 2017, the Ninth Circuit summarily vacated this Court's order and remanded the case to allow Petitioner an opportunity to present his position on the timeliness of his motion. ECF No. 350. The Mandate issued December 28, 2017, returned jurisdiction to this Court. ECF No. 352. On January 3, 2018, this Court established a briefing schedule for Petitioner to demonstrate the timeliness of his motion:

> **Within 60 days** of this Order, Defendant shall file a brief (and any supporting declarations, affidavits and documents) demonstrating the timeliness of his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 338) filed June 7, 2017.

ECF No. 353. The Court received Petitioner's Brief via the U.S. Attorney's Office. ECF No. 354. Petitioner did not provide a copy to the Court for filing directly and none of the referenced attachments were included in the filing. The Government filed its response. ECF No. 355.

On April 27, 2018, this Court entered an Order finding that based on the record so far, Petitioner was not entitled to equitable tolling and the petition will be dismissed as untimely, if this is all the information available. Recognizing that none of Petitioner's referenced attachments were included with his brief and that it did not sufficiently address the facts, dates, or details whatsoever, to support the allegation of newly discovered evidence, diligence or external impediments, when they existed, and when they were removed, the Court once again offered Petitioner the opportunity to establish his contentions:

> **Within 60 days** of this Order, Petitioner shall file another brief attaching all supporting declarations, affidavits and documents that demonstrate all the elements of equitable tolling for all the time until his Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 338) was filed on June 7, 2017.

ECF No. 358. The Court also cautioned Petitioner that his failure to do so would result in the dismissal of Petitioner's Motion. *Id*.

ORDER DENYING AS UNTIMELY PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 3

On May 17, 2018, Petitioner filed another brief in support of the timeliness of his motion, this time with some attachments. ECF No. 359. This timeliness issue is now fully briefed and properly before the Court.

## DISCUSSION

### A. Section 2255 Motion or Not

The Court first considers Petitioner's claim that he submitted "a Motion to restore a direct appeal, <u>NOT</u> a Motion for a collateral review." ECF No. 354 at 1 (emphasis in original). This distinction, he reasons, would not subject his request for relief to the 1-year period of limitations provided by § 2255.

Petitioner, not this Court, labeled his motion "under 28 U.S.C. § 2255." ECF No. 338. He continues to label his motion under § 2255. ECF No. 354 (title and referenced throughout his brief as the basis for his motion). Indeed, at paragraph 9, he specifically invokes that he submitted a motion under § 2255 to restore a direct appeal based on four grounds of ineffective assistance of counsel. *Id*.

The question whether Petitioner's motion is indeed a § 2255 motion or some other motion not subject to the strictures of § 2255 is answered by the Supreme Court's decision in *Gonzalez v. Crosby*, 545 U.S. 524 (2005). *See United States v. Washington*, 653 F.3d 1057, 1062 (9th Cir. 2011). In sum, the test is whether the motion presents a "claim," i.e., "an asserted federal basis for relief from a . . .

judgment of conviction," then it is, in substance, a . . . request for relief on the merits and should be treated as a disguised § 2255 motion. *Id*. at 1063 (citing *Gonzalez v. Crosby*); *accord United States v. Buenrostro*, 638 F.3d 720, 722-23 (9th Cir. 2011) (motion asserting ineffective assistance of counsel in the movant's original criminal trial asserted a "claim" within the meaning of *Gonzalez* and therefore was in essence a disguised § 2255 motion).

Here, no matter the label, Petitioner's motion seeks relief for asserted claims of ineffective assistance of counsel during the trial court proceedings leading up to the guilty plea and sentencing. Accordingly, Petitioner's motion is subject to the limitations of § 2255, including the 1-year period of limitation.

A prisoner has one year to file a § 2255 motion, which time period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Here, because no appeal was filed, Petitioner's conviction became final 14-days after Judgment was imposed. *See* Fed. R. App. P. 4(b)(1)(A); *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) ("if the movant does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires.").

Accordingly, Petitioner's Judgment became final on November 21, 2014. He had one-year thereafter to file a timely § 2255 petition. Petitioner did not file this petition until more than 18 months after this one-year period expired.

**B. Equitable Tolling**

To be entitled to equitable tolling, a habeas petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citation and quotation marks omitted). Equitable tolling is available "only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances *were the cause* of [the prisoner's] untimeliness." *United States v. Gilbert*, 807 F.3d 1197, 1202 (9th Cir. 2015) (citing *Bills v. Clark*, 628 F.3d 1092, 1097 (9th Cir. 2010) (emphasis in the original, citation and quotation marks omitted)). This is a very high threshold. *Id*. "A petitioner must show that his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona*

ORDER DENYING AS UNTIMELY PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 6

*Att. Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007). A pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (ignorance of the law is insufficient). However, equitable tolling may be justified if language barriers actually prevent timely filing. *Mendoza v. Carey*, 449 F.3d 1065, 1069 (9th Cir. 2006). Equitable tolling determinations are "highly fact-dependent." *Id*. at 1068.

In the instant case, Petitioner has failed to make any showing that he pursued his rights diligently since his conviction or that an extraordinary circumstance prevented him from timely filing his federal petition.

Petitioner's briefs, ECF Nos. 354 and 359 are substantively identical with a slight deviation in the paragraph numbers. ECF No. 359, ¶ 20 includes ECF No. 354's ¶¶ 20 and 21. ECF No. 359, ¶ 22 includes ECF No. 354's ¶¶ 23 and 24. Petitioner's briefs contain only five paragraphs that touch upon the equitable tolling issue: ECF No. 354, ¶¶ 2, 7, 8, 18, 22; ECF No. 359, ¶¶ 2, 7, 8, 18, 21. The remaining paragraphs of his briefs address the merits of his motion for relief, not the equitable tolling issue at all: *See e.g.*, ECF No. 359, ¶¶ 3-6, 9-17, 19, 20, 22. Thus, they are not relevant to the issue presently before the Court.

In paragraph 2 of both briefs, Petitioner claims the "he did just learn" of the claims and grounds for his motion (no date given). He admits he was "assisted

ORDER DENYING AS UNTIMELY PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 7

with English language-based research on the Electronic Law Library" at the prison (no dates given). In paragraph 7 of both briefs, Petitioner cites a letter he received December 1, 2016, from a "prospective counsel" enclosing what appears to be public documents from the Court's file. The letter is attached at ECF No. 359 at 10. He admits the contents were translated into Spanish for him.

In paragraph 8 of both briefs, Petitioner claims he "was diligent in his efforts" to uncover that his plea was not intelligent and voluntary, but provides no information, facts, dates or details whatsoever. In paragraph 18 of both briefs, Petitioner claims "his diligence is evident, despite the language roadblock he has faced." Petitioner provides no information, facts, dates or details to support his allegation. Finally, in paragraph 22 and 21 of the briefs, respectively, Petitioner summarily concludes that the information and evidence he has "newly discovered, approximately May of 2017" presents a situation of outrageous Government conduct. Again, Petitioner provides no information, facts, dates, or details whatsoever, to support this allegation of newly discovered evidence, diligence or external impediments, when they existed, and when they were removed.

This Court specifically referenced these deficiencies to Petitioner in its last Order allowing Petitioner additional time to address these issues. ECF No. 358. Petitioner has provided no new or justifying information to support his claim of timeliness.

ORDER DENYING AS UNTIMELY PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 8

Accordingly, Petitioner is not entitled to equitable tolling and the petition will be dismissed as untimely.

### C. Request for Appoint of Counsel and for Evidentiary Hearing

Interspersed throughout Petitioner's briefs on equitable tolling, Petitioner claims the grounds for his § 2255 motion are substantiated and therefore requests the appointment of counsel and an evidentiary hearing. *E.g.*, ECF No. 354 at ¶¶ 4, 10, 20, 25. Because Petitioner has yet to establish equitable tolling, these requests are denied.

### D. Certificate of Appealability

A petitioner seeking post-conviction relief may appeal a district court's dismissal of the court's final order in a proceeding under 28 U.S.C. § 2255 only after obtaining a certificate of appealability ("COA") from a district or circuit judge. 28 U.S.C. § 2253(c)(1)(B). A COA may issue only where the applicant has made "a substantial showing of the denial of a constitutional right." *See id.* § 2253(c)(2). To satisfy this standard, the applicant must "show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks and citation omitted).

The Court concludes that Defendant is not entitled to a COA because he has not demonstrated that jurists of reason could disagree with this Court's resolution or conclude the issue presented deserves encouragement to proceed further.

**ACCORDINGLY, IT IS HEREBY ORDERED**:

1. Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (ECF No. 338) is **DENIED as untimely**.

2. Defendant's requests for appointment of counsel and an evidentiary hearing are **DENIED** as moot.

3. All pending motions are **DENIED** as moot.

4. The Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

5. The District Court Executive is hereby directed to enter this Order and furnish copies to the parties. This file and the corresponding civil file shall be **CLOSED**.

**DATED** September 21, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER DENYING AS UNTIMELY PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255 ~ 10